**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Ferguson;<br><br>    Plaintiff,<br><br>vs.<br><br>K-M Drilling, Inc.; Kenneth E. Myers and Elizabeth Myers, husband and wife<br><br>    Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Mitchell Ferguson, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendants K-M Drilling, Inc., Kenneth Myers and Elizabeth Myers, avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least four years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least four years prior to the filing of this action, Plaintiff often worked at least thirty hours in excess of forty (40) hours per week and was not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

9. At all times material hereto, Plaintiff Mitchell Ferguson was and continues to be a resident of the State of Arizona.

10. On information and belief, at all times material hereto, Defendant K-M Drilling, Inc., was and continues to be an entity organized under the law of the State of Arizona, with its principal place of business in Yavapai County, Arizona, and is subject to the jurisdiction of this Court.

11. Upon information and belief, Defendants Kenneth and Elizabeth Myers are the owners of K-M Drilling and make all decisions on behalf of the corporation.

12. Upon information and belief, Defendants Myers were and are residents of the State of Arizona.

13. Defendants Kenneth and Elizabeth Myers have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14. Upon information and belief, Kenneth and Elizabeth Myers are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant K-M Drilling, Inc. for all matters[1].

15. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1).

16. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

17. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

18. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

19. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00.

### FACTUAL BACKGROUND

21. Plaintiff began working for Defendant in March 2009 and worked at various times for Defendant thereafter as a laborer, deck hand, equipment operator, and welder.

22. The nature of Plaintiff's duties included digging ditches, operating forklifts and backhoes, operating trucks and work vehicles, and welding.

---

[1] For purposes of this complaint, and because Defendants Myers are co-equally liable with K-M Drilling, Inc., the reference to "Defendant" in this complaint is meant to refer to the Corporate Defendant, K-M Drilling, Inc.

23. Plaintiff had no supervisory or managerial responsibilities, nor was any special or unique training or education required for his position.

24. Defendant paid Plaintiff $10.00 per hour for his work.

25. Defendant scheduled Plaintiff to work from 7:00 a.m. to 7:00 p.m. six days per week, Monday through Saturday, and Defendant often required Plaintiff to work on Sundays in addition to his already grueling schedule.

26. Despite working from sunrise to sunset at least six days per week, Defendant failed and refused to pay Plaintiff one and one-half times his regular rate of pay for each hour worked in excess of forty hours each week.

27. On information and belief, Defendant paid Plaintiff only "straight time" for hours in excess of forty hours per week, meaning each of those hours was paid only at Plaintiff's regular rate of pay.

28. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute this matter for him and has agreed to pay to the law firm a reasonable attorneys' fee in engaging in this representation.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

29. Plaintiff incorporates and adopts paragraphs 1 through 28 above as if fully set forth herein.

30. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

31. Plaintiff was a non-exempt employee.

32. Defendant has intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

33. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

34. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

35. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

36. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

38. Defendant has not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his federal overtime wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a.  Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

    b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

39.  Plaintiff incorporates and adopts paragraphs 1 through 38 above as if fully set forth herein.

40.  Plaintiff and Defendant have a dispute pending relating to the overtime provisions of the FLSA.

41.  The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

42.  Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Plaintiff worked in excess of forty hours per week at Defendant's request.

    e. Defendant failed and refused to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty hours per week.

    f. Plaintiff is entitled to payment of his overtime wages and an equal amount as liquidated damages.

    g. Plaintiff is entitled to recover his reasonable costs and attorneys' fees incurred herein.

43.  It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

44.  The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgments Act, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b); and

c. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: October 16, 2013

                              Respectfully submitted,

                              **PHILLIPS DAYES LAW GROUP PC**

                              By: /s/ John L. Collins
                                   John L. Collins
                                   Arizona Bar No. 030351
                                   johnc@phillipsdayeslaw.com
                                   Attorney for Plaintiffs